**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4406

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WALKER, a/k/a X,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:19-cr-00307-1)

Submitted:  July 26, 2023                                    Decided:  August 4, 2023

Before HARRIS and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** John A. Carr, Charleston, West Virginia, for Appellant.  Timothy Doyle Boggess, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Walker pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine, oxycodone, oxymorphone, and hydromorphone, in violation of 21 U.S.C. § 846. The district court sentenced Walker to 186 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court erred in denying Walker a reduction for acceptance of responsibility and in calculating Walker's criminal history category. Walker has filed a pro se supplemental brief, asserting that counsel rendered ineffective assistance at sentencing by failing to investigate the incident that led to the denial of the reduction for acceptance of responsibility and by failing to object to the court's consideration of Walker's old prior convictions. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Walker's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Walker knowingly

2

and voluntarily waived his right to appeal his sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raises on appeal fall squarely within the scope of the waiver.

Walker's claims that his counsel rendered ineffective assistance fall outside of the scope of his appeal waiver. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the present record does not conclusively establish that counsel rendered ineffective assistance, we decline to address these claims on direct appeal. Walker's arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Walker's appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review. If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Walker. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4